**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELLIS MANUFACTURING, INC.,** | ) | **CASE NO.1:12CV908** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRUCE DAVIS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction, or in the alternative, Motion to Dismiss for Failure to State a Claim. For the following reasons, the Court grants Defendants' Motion to Dismiss based on lack of specific personal jurisdiction under the Due Process Clause of the United States Constitution.

## I. FACTS

The instant action was brought in this Court upon removal from the Court of Common Pleas, Cuyahoga County, Ohio pursuant to 28 U.S.C. § § 1441(a) and (b) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff Ellis Manufacturing, Inc. ("Ellis") (an Ohio company) entered into a contract with Defendant Eagle Material Handling Co., Inc. ("Eagle") (a California company) in 2008. Defendant Bruce Davis is the owner, operator, managing partner and/or managing shareholder of Eagle and Co-Defendant company Davis Bacon, Inc. On September 20, 2008, Plaintiff Ellis entered into a Distributor Agreement with

Defendant Eagle wherein Ellis agreed to permit Eagle to be its sole distributor of dock levelers bearing the Ellis name in certain Southern California counties in exchange for an annual licensing fee to be paid to Ellis by Eagle.

In their Amended Complaint (ECF Dkt. #5), Plaintiffs allege Defendants have been soliciting business outside the defined territory; have been representing to potential customers that they own the Ellis name; and have created a website, owned by Defendant Infomart 2000 Corp., which revealed sensitive information related to Ellis' products, all in violation of the terms of the Agreement. Plaintiffs assert multiple claims for breach of contract and tortious interference with a contract. Defendants have moved the Court for dismissal under FRCP 12(b)(2) for lack of personal jurisdiction, and alternatively under FRCP 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. Legal Standard

When a court approaches a motion to dismiss for lack of personal jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, [...] and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal [ ] [...]." *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D. Ohio Mar. 28, 2012) (quoting *Air Prods. & Controls, Inc., v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Plaintiff need only establish jurisdictional claims with "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff. *Id.* The burden is on the plaintiff, however, to establish that jurisdiction exists, and the plaintiff may not merely stand on his pleadings in the

face of a properly supported motion for dismissal.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The plaintiff must set forth specific facts showing that the court has jurisdiction.  *Id.*  Therefore, dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction.  *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**B. Personal Jurisdiction**

In a diversity case, federal courts must apply both the state long-arm statute and the limits of the Constitutional Due Process Clause in determining whether personal jurisdiction exists over a defendant.  *Id.*  Ohio's long-arm statute does not extend to the constitutional limits of the Due Process Clause; therefore, this becomes a threshold issue to determine jurisdiction.  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).

**1. Ohio's Long Arm Statute**

The pertinent section of the Ohio long-arm statute reads:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
    (1) Transacting any business in this state . . . [or]

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state. R.C. § 2307.382(A).

Defendants assert that jurisdiction is proper in Ohio under both sections (1) and (6).

**a. Transacting Business**

Courts do not apply a generalized test when determining whether a defendant transacted business in Ohio pursuant to R.C. § 2307.382(A)(1), but make determinations on a case by case basis.  *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 236 (1994); *see also Joffe v. Cable Tech,*

-3-

*Inc.*, 163 Ohio App. 3d 479, 488 (2005). While the existence of a contract and the state in which it was signed must be weighed in determining jurisdiction, these facts do not determinatively establish jurisdiction. Notably, nearly every case in which jurisdiction was found to be proper under the "transacting business" prong of Ohio's long arm statute involved more that just a contract. *See, e.g.*, *Arrow Mach. Co., Ltd. v. Array Connector Corp.*, No. 2008-L-161, 2009WL806917, at *4 (Ohio Ct. App. March 27, 2009) (finding buyer was transacting business within Ohio where each party to the agreement signed the contract in their own state, *and buyer took title to goods in Ohio*); *Ricker v. Fraza/Forklifts of Detroit*, 160 Ohio App. 3d 634 (Ohio Ct. App. 2005) (Finding jurisdiction proper where parties signed a contract *and defendant initiated contact by placing phone call to plaintiff's Ohio office*).

In this case, Plaintiffs have provided little factual support for their jurisdictional claims. The only evidence offered in Plaintiffs' Amended Complaint and Brief in Opposition to Defendants' Motion to Dismiss in Support of Jurisdiction is the existence of the Agreement between Eagle and Ellis. Plaintiffs also claim Eagle and Davis Bacon signed the Agreement in Ohio (P. Br. in Opp'n to Mot. to Dismiss 2). However, Defendants' affidavit directly contradicts this statement by asserting that Eagle signed the Agreement in California (Davis Aff. 3). Construing this in Ellis' favor, the court finds that each party signed the Agreement in their home state. *See Arrow*, at *4. Plaintiffs have failed to establish any substantial facts beyond the existence of the Agreement. Consequently, the Court finds this insufficient to establish jurisdiction under R.C. § 2307.382(A)(1).

### b. Causing Tortious Injury

Ohio courts have generally "taken a broad approach" to the application of R.C. §

-4-

2307.382(A)(6). *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012). Under this interpretation, Plaintiffs have reasonably established jurisdiction under Ohio's long arm statute by asserting claims for tortious interference with a contract when Defendants received a cease and desist letter and continued with the allegedly tortious conduct. However, even in the broadest sense of the statute, Plaintiffs have not established a tort claim over which to gain jurisdiction.

Torts of interference with contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes *a third person* not to enter into or continue a business relation with another, or not to perform a contract with another. *A & B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Bldg. & Constr. Trades Council,* 73 Ohio St.3d 1 (1995) (emphasis added). In counts Eleven through Fourteen of Plaintiffs' Amended Complaint, Plaintiffs assert that Bruce Davis knowingly interfered with the Distributor Agreement between Ellis and Eagle (Compl. 8). Bruce Davis, however, is a party to the contract and his signature appears on the Distributor Agreement for Eagle.[1] As a party to the Agreement, Plaintiffs' claims for tortious interference with a contract fail and jurisdiction cannot be proper under Ohio's long arm statute R.C. § 2307.382(A)(6). Consequently the Court grants Defendants' Joint Motion to Dismiss.

### 2. Due Process Clause

Assuming, *arguendo*, that jurisdiction is proper under Ohio's long arm statute, the Court must still determine whether Defendants' contacts with Ohio were sufficient under the

---

[1] Count Fourteen of Plaintiffs' Amended Complaint alleges tortious interference with a contract against "Defendants" in general, however, seems to actually refer to Bruce Davis.

Fourteenth Amendment Due Process Clause to allow the Court to exercise jurisdiction.

In order for personal jurisdiction to comply with due process, Defendants must have "minimum contacts" with the forum state "so that the maintenance of the action does not offend 'traditional notions of fair play and substantial justice.'" *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010). "Minimum contacts exist where a 'defendant's conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two types of personal jurisdiction: 1) general jurisdiction, which requires "a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant," and 2) specific jurisdiction, "which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1997).

The dispute here arises under specific personal jurisdiction. The Sixth Circuit has articulated a three-part test for determining whether the exercise of specific personal jurisdiction comports with due process:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel*, 106 F.3d at 150 (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Purposeful availment will not be found solely as a result of "random, fortuitous, or

unattenuated" contacts established solely by the location of a plaintiff's headquarters. *Calphalon*, 228 F.3d at 722; *see also Ampco*, at #7 (holding plaintiff's burden to show purposeful availment cannot be shown only by evidence that plaintiff made choices that resulted in actions being taken by defendant). In *Calphalon*, an Ohio manufacturer brought action against a Minnesota corporation that contracted to serve as manufacturer's exclusive distributor in Minnesota and four other states outside Ohio. Plaintiff presented the following as evidence of personal availment within Ohio: the parties' agreement, the agreement's choice of law provision, defendant's duties to monitor local market activities and report to Calphalon, telephone and fax contacts with Calphalon, defendant's visits to Calphalon offices in Ohio, and defendant's letters to Calphalon threatening litigation. The appellate court held that personal jurisdiction was improper in Ohio, finding first that "the mere existence of a contract between [defendant] and an Ohio citizen . . . is insufficient to confer personal jurisdiction over [defendant]." *Id.* Further, since the agreement was centered on defendant's activities outside of Ohio, any contact with Calphalon in Ohio occurred solely because Calphalon chose to be headquartered in Ohio. *Id.* at 723.

Plaintiffs' jurisdictional argument is based solely upon the Distributor Agreement[2], which concerns activities occurring outside Ohio. As in *Calphalon*, the mere existence of a contract with an Ohio citizen is not enough to confer jurisdiction over a non-resident defendant when the only tie to Ohio is the Plaintiffs' choice of location. Since Plaintiffs have only asserted the existence of the Distributor Agreement in support of their claims, Plaintiffs have failed to rise

---

[2] Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss offers the existence of the Distributor Agreement as the only evidence to support jurisdiction in Ohio.

even to the level examined in *Calphalon* and have failed to satisfy the purposeful availment prong under the *Southern Machine* test. Plaintiffs have not met their burden of proof in showing jurisdiction exists in Ohio, and as a result, analysis of the second and third prongs is unnecessary. *Ampco*, at *8. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted and Defendants' Motion to Dismiss under FRCP 12(b)(6) is rendered moot.

    IT IS SO ORDERED.

                          s/ Christopher A. Boyko
                          CHRISTOPHER A. BOYKO
                          United States District Judge

Dated: October 22, 2012